UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRIAN A. WARREN #245972,

    Plaintiff,

v.

AMERICAN BROADCASTING
COMPANIES INC., et al.,

    Defendants.
_____/

Case No.   1:24-cv-01009

Hon.   Jane M. Beckering
U.S. District Judge

# REPORT AND RECOMMENDATION

## I.   Introduction and Factual Allegations

This Report and Recommendation (R. & R.) addresses Defendant American Broadcasting Companies, Inc., and Walt Disney Company's motion to dismiss (ECF No. 11), Defendants' joint motion to dismiss (ECF No. 42) and Plaintiff's motion for default judgment (ECF No. 22).

Plaintiff state prisoner Brian A. Warren has been serving a life sentence in the Michigan Department of Corrections since 1995.  He claims that he created the name "Hip-Hop Hall of Fame" in 1988, about seven years before his incarceration. (ECF No. 34, PageID.233 (amended complaint).)   He also asserts (1) that he began using someone else's address for the "Hip-Hop Hall of Fame" in 1996 (*id.*), (2) that he verified his use of "Hip-Hop Hall of Fame" with a notary public in 2000 (*id.*), (3) that he registered "Hip-Hop Hall of Fame" with the Library of Congress in 2014 (*id.*), and

1

(4) that, 2016, he enacted a $70M "service fee" for the use of "Hip-Hop Hall of Fame" as well as a $210M penalty for unauthorized use of "Hip-Hop Hall of Fame" (*id*.).

In his original complaint, which was filed in September 2024, Warren asserted copyright and trademark infringement claims relating to the unauthorized use of "Hip-Hop Hall of Fame" against Defendants American Broadcasting Companies Inc. (ABC), The Walt Disney Company (TWDC), and Amazon Prime Video.   (ECF No. 1.) Amazon.com Services LLC is an intervening party.

Warren claimed that he owns the trademark for "Hip-Hop Hall of Fame."   He sought damages and injunctive relief against Defendants for their use of his alleged trademark name during a television broadcast of a fictional drama series. Plaintiff says that the fictional characters were discussing the Hip Hop Hall of Fame.[1]

The Court allowed Warren to amend his complaint in January 2025.   (ECF No. 40.)   Warren's amended complaint (ECF No. 34) abandons his original claims for unauthorized use, unjust enrichment, and fraudulent conversion.   (ECF No. 1, PageID.4.)   Instead, Warren asserts claims for breach of agreement and breach of duty to pay "for their unauthorized use of Plaintiff's name and/or likeness 'Hip-Hop Hall of Fame.'"   (ECF No. 34 (Amended Complaint).)

---

[1] As the Court previously set forth, The Hip Hop Hall of Fame and Museum located in New York, was established in 1992. https://hiphophof.org. (ECF No.39, PageID.298.)   Plaintiff did not allege in his complaint any affiliation with the Hip Hop Hall of Fame and Museum in New York.   Any reference made by fictional characters in a television show to the Hip Hop Hall of Fame, was more likely a reference to the actual Hip Hop Hall of Fame in New York and not to Plaintiff's "Hip Hop Hall of Fame" that he claims to run inside a Michigan prison.

More specifically, Plaintiff claims that an implied contract exists because he provided "his Bill of Costs for use of the name and/likeness "Hip-Hop Hall of Fame." (ECF No. 48, PageID.351.)   A copy of the alleged agreement, which is dated March 1, 2016, is shown below.



CASE NO:
1:24-CV-1009

BRIAN ANDR'E WARREN

v.

AMERICAN BROADCASTING COMPANIES, INC., et. al.

SERVICE FEE FOR USE OF "HIP-HOP HALL OF FAME"

Brian Andr'e Warren is the Founder and owner of the "Hip-Hop Hall of Fame." (TM) ©

Any person or business who uses the "Hip-Hop Hall of Fame," its name, image, and /or likeness in business shall be obligated to pay, Brian Andr'e Warren, the service fee as follows:

(A) $70,000,000.00; Seventy-Million U.S. Dollars for said usage's and an additional,

(B) $210,000,000.00; Two-Hundred and Ten Million Dollars if used for commercial gain in business without the permission of, Brian Andr'e Warrren.

### Verification

Brian Andr'e Warren, pursuant to, 28 USC. 1746, declare under the penalty of perjury that the above stated facts are true and correct.

Brian A. Warren, #245972
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, Michigan 49442

Date: March 1, 2016

(ECF No. 23, PageID.176.)

4

Plaintiff moved for default judgment against Amazon Prime Video and Defendants move to dismiss the complaint.

### III.  Amazon Prime Video

Plaintiff moved for default judgment against Defendant Amazon Prime Video. (ECF No. 22.)  On January 29, 2025, the Court granted Amazon.com Services LLC's motion to intervene because Amazon Prime Video is not a legal entity capable of being sued.  (ECF No. 39.)  Amazon.com Services LLC provided the streaming service for the subject television series.  In the opinion of the undersigned, Plaintiff's motion for default judgment should be denied.  For the reasons more fully explained in the aforementioned order allowing Amazon.com Services LLC to intervene (*id.*), Amazon.com Services LLC is the proper party before the Court and Amazon Prime Video cannot be in default because it is not a legal entity.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for default judgment (ECF No. 22) be denied.

### IV. Motion to Dismiss

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

## V. Breach of Contract

Warren claims that Defendants breached an implied contract because he owns the trademark "Hip-Hop Hall of Fame" and he sent Defendants copies of the Service Fee for the use of Hip-Hop Hall of Fame. (ECF No. 23, PageID.176.) The act of sending a letter without a meeting of minds or an intention by the recipient to be bound by it cannot satisfy the requirements of a valid "bargained-for exchange

between the parties." *Neroni v. Bank of Am., N.A.*, No. 13-11823, 2013 WL 5671323, at *5 (E.D. Mich. Oct. 17, 2013)

Plaintiff cites to *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) as support for his claim that an implied contract existed between himself and Defendants. As Plaintiff sets forth, the Supreme Court explained: An agreement implied in fact is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Id*. (citation omitted).

The main problem, as Defendants pointed out, is that there was no meeting of minds and, therefore, there was no implied contract. (ECF No. 43, PageID.327.) Plaintiff never spoke with any representative of Defendant and he never corresponded with any representative of Defendant prior to this lawsuit. In fact, there was no offer, acceptance, consideration, or meeting of minds. A contract requires "an offer, acceptance, consideration, and a meeting of minds on all essential terms." *Helmus v. Chase Home Finance*, LLC, 890 F. Supp. 2d 806, 814 (W.D. Mich. 2012) (citation omitted).

In the opinion of the undersigned, Plaintiff's imaginary agreement is insufficient to support the existence of a contract. Defendants could not be in breach of contract, because no contract existed between Plaintiff and Defendants, and Defendants have no duty to pay Plaintiff his requested service fee.

### VI. Recommendation

Accordingly, it is respectfully recommended that Court deny Plaintiff's motion for default judgment (ECF No. 11) and grant Defendants joint motion to dismiss (ECF No. 42).

If the Court accepts this recommendation, this case will be dismissed. Additionally, Defendant American Broadcasting Companies, Inc., and Walt Disney Company's motion to dismiss (ECF No. 11) will be moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   March 27, 2025                                    /s/ *Maarten Vermaat*
                                                                                  MAARTEN VERMAAT
                                                                                  U.S. MAGISTRATE JUDGE