UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

Plaintiff,

v.

AMERICAN BROADCASTING COMPANIES, INC., et al.,

Defendants.
__________________________________/

Case No. 1:24-cv-1009

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this case with the filing of a Complaint, alleging certain copyright and trademark infringement claims, which Defendants moved to dismiss. Plaintiff subsequently filed an Amended Complaint, alleging claims for breach of agreement and breach of duty, which Defendants also moved to dismiss. Plaintiff moved for a default judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Plaintiff's motion, grant Defendants' motion to dismiss the Amended Complaint, and dismiss as moot Defendants' motion to dismiss Plaintiff's Complaint. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation, to which Defendants filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of

those portions of the Report and Recommendation to which objections have been made.[1] The Court denies the objections and issues this Opinion and Order.

Plaintiff first argues that the Magistrate Judge impermissibly asserted a fact not in issue when the Magistrate Judge stated that "[a]ny reference made by fictional characters in a television show to the Hip Hop Hall of Fame was more likely a reference to the actual Hip Hop Hall of Fame in New York and not to Plaintiff's 'Hip Hop Hall of Fame' that he claims to run inside a Michigan prison" (Pl. Obj., ECF No. 53 at PageID.381, referencing R&R, ECF No. 52 at PageID.373, n1). The statement that Plaintiff highlights was not part of the Magistrate Judge's analysis but was merely the Magistrate Judge's observation, contained in a footnote. Plaintiff's argument therefore fails to demonstrate any error in the Magistrate Judge's conclusion or recommendation. Plaintiff's first objection is properly denied.

Second, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff's letter cannot alone satisfy the requirements for formation of a contract (Pl. Obj., ECF No. 53 at PageID.382). According to Plaintiff, the "continuing [] use [of] 'Hip-Hop Hall of Fame' for profit" implies that "the CEOs of ABC, TWDC, and Amazon had agreed with the amount[s] \$20,000,000.00 and \$210,000,000.00" (*id.*). Plaintiff's argument lacks merit. The Magistrate Judge correctly determined that, as a matter of law, merely sending a letter without a meeting of minds cannot satisfy the requirements of a valid bargained-for exchange between the parties (R&R, ECF No. 52 at PageID.377–378). Plaintiff's second objection is therefore also properly denied.

[1] Plaintiff's objections are limited to the Magistrate Judge's recommendation to dismiss the Amended Complaint. Plaintiff does not pose any objections to the Magistrate Judge's recommendation to deny his motion for a default judgment.

Accordingly, this Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 53) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 52) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Dismiss (ECF No. 42) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 22) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is DISMISSED as moot.

Dated:  June 2, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge